
# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| HWANG JIN YEONG,<br>aka Jin Yeong Hwang,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 00-00150<br><br>Civil Case No. 04-00039<br><br><br><br>ORDER |

This matter comes before the Court on Petitioner Jin Yeong Hwang's ("Hwang") Motion for Reconsideration of the Court's DENIAL of his motion to correct sentence pursuant to 28 U.S.C. § 2255 or, in the alternative, Hwang's Notice of Appeal.

### MOTION TO RECONSIDER

A Motion for Reconsideration should be denied unless it raises new factual or legal arguments. *See*, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). In his motion for reconsideration, Hwang reasserts the arguments raised in his initial petition and reply brief. Hwang fails to allege any new information to substantially support his claims. Accordingly, the Court finds no new legal or factual basis upon which to grant relief. Therefore, the Motion for Reconsideration is DENIED.

### NOTICE OF APPEAL

A notice of appeal shall be construed as an application for a certificate of appealability. *See*, FED. R. APP. P. 22(b). A certificate of appealability may be issued from a final order in a

**ORIGINAL**

proceeding under § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Hwang has made no such showing. Accordingly, the Court DENIES Hwang's request for a certificate of appealability.

Hwang maintains that this Court erred in failing to have an evidentiary hearing regarding whether he was denied the effective assistance of counsel, at his change of plea, sentencing hearing and on appeal. Hwang alleges that this Court in fashioning its September 28, 2006 order, "relied on facts outside of the record without affording the Defendant the opportunity to support his claims by a hearing."

In order to obtain an evidentiary hearing Hwang must "allege specific facts which, if true, would entitle him to relief; and . . . . the petition, files and record of the case cannot conclusively show that he is entitled to no relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). Hwang states "substantial issues of fact" existed with respect to the events in which Hwang participated. *Id.* He is mistaken. This Court relied solely on the record and statements of Hwang himself. The Court did not consider the affidavit of his former counsel nor the documentation provided by the Government concerning Hwang's debriefing.

*Ineffective Assistance Claims.* This Court found that, even if the facts asserted by Hwang were assumed as true, Hwang was not entitled to relief. With respect to his claims in this regard, the Court found that the plea agreement, petition, files and record of the case conclusively showed that Hwang was not entitled to relief. Hwang failed to proffer a basis to show that counsel's performance was deficient and that any deficient performance prejudiced his defense as is required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He did not show that "the behavior complained of [fell] below prevailing professional norms." *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996). Additionally, since there was no merit to Hwangs contentions that counsel's performance was deficient, likewise there was no prejudice found[1].

---

[1] The Court notes that Hwang asserted as his basis for ineffective assistance that his trial and appellate counsel failed to object/raise the following issues:
 1. an application of U.S.S.G. 5K1.1 was warranted,
 2. the Court's application of U.S.S.G. 2D1.1 was improper,
 3. appellate counsel should have filed a writ of certiorari in the Supreme Court,
 4. his plea was not voluntarily made, and
 5. trial counsel failed to properly investigate his case.
This Court carefully reviewed each of these issues. Based on the record and statements of Hwang the Court found that each of these contentions lacked merit on their face. Counsel is not required to raise meritless arguments. *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). Accordingly, counsel cannot be "ineffective" for refusing or failing to raise meritless arguments.

2

The petition, files and record of the case demonstrated conclusively that Hwang failed to state a claim for relief, and dismissal of the petition without an evidentiary hearing was warranted.

*Booker* Claims. Hwang asserts that the Court erred by refusing to retroactively apply the holdings in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Hwang claimed that his rights were violated when his sentence was enhanced pursuant to facts found by a judge with respect to the quantity of drugs in this case. However, since his conviction and sentence were final on or about September 18, 2003, this claim is foreclosed by *Cook v. United States,* 386 F.3d 949, 950 (9th Cir.2004) (order) (*Blakely v. Washington* not retroactive to cases on collateral review), and *United States v. Cruz,* 423 F.3d 1119, 1120 (9th Cir.2005) which held that *Booker* was not retroactive to cases on collateral review. *Cook* and *Cruz* are directly applicable to the instant case. Accordingly this Court is bound to follow them.

Based on the foregoing, the Court will not issue a certificate of appealability. Hwang has not substantially demonstrated the denial of his constitutional rights, pursuant to 28 U.S.C. § 2253(c)(2), nor has he demonstrated that the issues surrounding this Court's denial of Hwang's § 2255 petition are "debatable among jurists of reason." *See, Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). Accordingly, Hwang's motion for a certificate of appealability is DENIED.

**IT IS SO ORDERED** this __8th__ day of March, 2006.

_____
Lloyd D. George
United States District Judge

---

** The Honorable Lloyd D. George, United States Senior District Judge for Nevada, by designation.